138

In re SHARON STEEL CORPORATION,
Debtor.

SHARON STEEL CORPORATION,
Plaintiff,

v.

TURNER STEEL SERVICE CENTER
INC., Defendant.

Bankruptcy Nos. 92–10958,
92–10959, 92–10961.
Adversary No. 94–1221.

United States Bankruptcy Court,
W.D. Pennsylvania.

July 10, 1996.

Herbert P. Minkel, Jr., Boston, MA, for
Debtor.

James W. Ehrman, and John F. Zimmerman, Jr., Youngstown, OH, for Turner Steel
Service Center, Inc.

## OPINION

WARREN W. BENTZ, Bankruptcy
Judge.

### Introduction

This is an action brought by Sharon Steel
Corporation ("Debtor") against Turner Steel
Service Center, Inc. ("Turner") under 11
U.S.C. § 547 to recover an alleged preferential transfer. Prosecution of this action has
been unnecessarily delayed and made unnecessarily complicated by counsel for the Debtor's dilatory actions.

By Memorandum and Order dated March
27, 1996, a monetary sanction was imposed
upon the Debtor and/or Debtor's counsel and
we directed that payment be made "forthwith." We further ordered that Debtor
would not be allowed to admit any exhibits at
trial as none were disclosed in its pretrial
statement. An evidentiary hearing was fixed
for May 15, 1996.

On May 13, 1996, Turner filed a RENEWED MOTION TO DISMISS due to
Debtor's and Debtor's counsel's failure to
comply with our March 27 Order. Turner
has subsequently advised the Court that
Debtor's counsel delivered a check in the
amount of $1,000 in compliance with the
March 27 Order on May 15, 1996.

Trial proceeded on May 15 and the matter
is ripe for decision.

## Discussion

■ To avoid a transfer as preferential the Debtor must prove: (1) that the transfer was a transfer of the Debtor's interest in property; (2) to or for the benefit of a creditor; (3) on account of the Debtor's antecedent debt; (4) made during the 90 day period preceding the Debtor's filing for bankruptcy relief, or if the creditor is an "insider," made within the year preceding the filing; (5) made while the Debtor was insolvent; (6) which enabled the creditor to receive more than it would receive in a Chapter 7 distribution. 11 U.S.C. § 547(b). The Debtor has the burden of proof. 11 U.S.C. § 547(g). The Debtor is aided by a presumption: in an action to recover a preference the Debtor is presumed to have been insolvent on, and during, the 90 days preceding the filing of the petition. 11 U.S.C. § 547(f).

As its witness, the Debtor called Richard A. Glover ("Glover"), one of the Debtor's four remaining employees. During the 90 days prior to the Debtor's bankruptcy filing date (the "Preference Period"), Glover worked in the credit department, analyzing and collecting some of the more difficult receivables. Glover never worked on the Turner account.

During the Preference Period, the Debtor sold steel to Turner and Turner supplied the Debtor with processing of certain steel as a service. It was not unusual for the Debtor to set up an agreement to exchange services for the Debtor's steel. The Debtor received Turner's services and small amounts of cash from Turner.

Glover was unable to determine the status of the various transactions on Turner's account from the Debtor's books and records.

After abandoning his efforts at reconciling the Turner account from the Debtor's books and records, Glover "discovered" certain letters ("Letters") from Turner to the Debtor in the Debtor's accounts receivable and accounts payable files. Glover testified that he located 18 such Letters describing how to "contra" or offset Turner invoices against Sharon invoices. Glover testified that there were 15 contras taken during the Preference Period and three after the bankruptcy filing date (the "Filing Date"); that he took the information from those Letters and compiled it on spread sheets to determine Turner's "idea of where the account was;" and from that spread sheet analysis, Glover communicated that he could reconcile to a portion of the preference amount originally sought from Turner.

■ Debtor's counsel attempted to inquire of Glover as to the amounts indicated on the Letters and the amount Glover was able to reconcile to. The Court sustained the Defense's objection to such testimony. The Letters were not in evidence. There was no foundation laid for the reliability or admissibility of the Letters. Glover's testimony would have gone to the contents of the Letters which were unavailable due to counsel's failure to attach them to the Plaintiff's pretrial statement. Fed.R.Civ.P. 16(f), 37(b)(2)(B). The testimony would have been hearsay evidence and is prohibited by Fed.R.Evid. 1002. The attempt to have the witness testify about information that he did not know of his own personal knowledge and about records that are not available is prohibited.[1] *Middleby Corp. v. Hussmann Corp.*, 1993 WL 151290 (N.D.Ill.1993).

We are left with a situation where we have no evidence of the amount of steel shipped by the Debtor to Turner during the Preference Period and no evidence of the amount of payments and services Turner provided to the Debtor during the Preference Period. We also have no knowledge of the status of the account between the Debtor and Turner at the commencement of the preference period.

Debtor's counsel attempted to fill in the gaps in the testimony with an offer of proof. This "evidence" is inadmissible. The Complaint will be dismissed. An appropriate Order will be entered.

## ORDER

This 10 day of July, 1996, in accordance with the accompanying Opinion, it shall be,

---

1. Our pretrial scheduling order required a copy of any exhibits to be offered in evidence to be attached to the pretrial statement. Debtor attached no exhibits.

and hereby is, ORDERED that the within Complaint is DISMISSED.